# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWIN BATISTA,** | : | Civil No. 3:12-CV-310 |
| | : | |
| **Plaintiff,** | : | **(Judge Munley)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PATRICK MILLER,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of The Case

This is a civil rights action brought by Edwin Batista, an inmate who is currently housed at the State Correctional Institution in Waymart, Pennsylvania. In his complaint, Batista, who is proceeding *pro se*, alleges civil rights violations involving the defendant, an Allegheny County Pennsylvania homicide detective, arising out of a criminal prosecution in Allegheny County, Pennsylvania. Thus, the defendant is located in Allegheny County which is within the venue of the United States District Court for the Western District of Pennsylvania, See 28 U.S.C. § 118(c), and all of the factual matters described by Batista are alleged to have taken place in Allegheny County in the Western District of Pennsylvania.

Along with his complaint, Batista filed a motion for leave to proceed *in forma pauperis*. (Doc. 2) Having conducted a review of this matter, for the reasons set forth

below, we will grant this motions for leave to proceed *in forma pauperis*, but recommend that this case be transferred to the United States District Court for the Western District of Pennsylvania, the District which clearly has venue over the parties and issues in this litigation.

**II.     Discussion**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, parties, like this *pro se* plaintiff, also have an obligation to ensure that their lawsuits meet the basic fundamentals of proper pleadings. One of these basic rudiments of a valid civil complaint is that the complaint is filed in the proper court, a court which has venue over the actions and parties which are the subject of the litigation.

This case is a federal civil rights action. In such cases, where alleged violations of the United States Constitution form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be

found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In this case, "a substantial part of the events or omissions giving rise to the claim occurred" in Allegheny County, Pennsylvania, and it appears that the sole named defendant either resides in, or may be found in, Allegheny County, Pennsylvania. Allegheny County falls within the venue of the United States District Court for the Western District of Pennsylvania. See 28 U.S.C. § 118(c). Therefore, it appears evident from the plaintiff's complaint that venue over this matter lies in the United States District Court for the Western District of Pennsylvania.

While an objection to venue may be waived by a defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the Court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)("a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). By this report and recommendation we are providing the plaintiff this notice in this case.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. §1406, and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interests of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, *or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought*.

28 U.S.C.A. § 1406(a)(emphasis added).

In this case, it is submitted that, in order to protect the plaintiff's rights as a *pro se* litigant, the Court should order this case transferred to the United States District Court for the Western District of Pennsylvania for further proceedings. Such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the lack of venue in this fashion would not constitute a ruling on the merits of the plaintiff's claims, thus assuring that the plaintiff can have his case heard on its merits in the proper forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a

4

dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted). Furthermore, since an order transferring a case is not a dispositive final order in that case, this proposed transfer is a matter which lies within the authority of either the District Court, or this Court. See, e.g., Berg v. Aetna Freight Lines, Inc., No. 07-1393, 2008 WL 2779294 (W.D. Pa. July 15, 2008); Market Transition Facility of New Jersey v. Twena, 941 F.Supp. 462 (D.N.J. 1996). Thus, while a United States Magistrate Judge could enter this order transferring the case, out of an abundance of caution we are referring this matter to the District Court with a recommendation to dispose of the case in this fashion.

### III. Recommendation

Since the complaint reveals that venue does not lie in this District, it is recommended that the Court enter an order pursuant to 28 U.S.C. § 1406, transferring this matter to the United States District Court for the Western District of Pennsylvania, which clearly has venue over the matters set forth in the complaint. It is further recommended that this matter be resolved through a transfer order, rather than an order dismissing the action, since such a transfer order avoids any unintended prejudice to the plaintiff which might flow from a dismissal of this action on venue grounds. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965).

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of February 2012.

              ***S/Martin C. Carlson***
              Martin C. Carlson
              United States Magistrate Judge