IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN Q. BATISTA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-297 |
| | ) | |
| v. | ) | District Judge Hornak |
| | ) | Chief Magistrate Judge Lenihan |
| PATRICK D. MILLER, | ) | |
| ALLEGHENY COUNTY, | ) | |
| | ) | |
| Defendants. | ) | ECF No. 25 |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that the Motion for Summary Judgment filed by Defendants Patrick D. Miller and Allegheny County at ECF No. 25 be granted.

II. **REPORT**

Pro se Plaintiff, Edwin Q. Batista ("Plaintiff" or "Batista") files this action pursuant to 42 U.S.C. § 1983 against Defendants Allegheny County Police Officer, Patrick D. Miller ("Plaintiff" or "Miller") and Allegheny County ("the County") (collectively "Defendants"). Plaintiff alleges that Defendants violated his constitutional rights when he was allegedly re-arrested for the same charge at the same docket number, after he was released on bail.[1] (ECF No. 1 at 5.) Plaintiff alleges that when he was re-arrested and incarcerated, someone broke into his house. Plaintiff seeks damages for all losses he incurred while incarcerated in the amount of one million dollars. (ECF No. 1 at 6.)

---

[1] Plaintiff originally filed his Complaint in the United States District Court for the Middle District of Pennsylvania. The case was transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406. (ECF Nos. 6, 8 & 9.)

A. Facts

The following facts are undisputed unless otherwise indicated.

On January 25, 2010, Plaintiff was interviewed regarding the murder of a store owner in McKeesport. (ECF No. 31-1 at 6-7.) Plaintiff indicated that he was the original 911 caller when he believed that the store was burglarized. (ECF No. 31-1 at 8.) Plaintiff volunteered to take a polygraph examination to demonstrate that he had no involvement in the burglary and murder. (ECF No. 31-1 at 8.) Defendant Miller escorted Plaintiff to the Allegheny County Police Department Headquarters for the polygraph examination. (ECF No. 31-1 at 8.) While transporting Plaintiff to police headquarters, Plaintiff began making threats directed to another police officer and his family, indicating that he was going to kill the officer and his family over a custody dispute between Plaintiff and his estranged wife. (ECF No. 31-1 at 9.)

On February 26, 2010, a police officer for the City of McKeesport was executing an arrest warrant for Plaintiff concerning the threats made on January 25, 2010. (ECF No. 23-1 at 2.) While effectuating the arrest, Plaintiff Batista made further threatening statements in the presence of three police officers, admitting his prior threats in January, and making additional threats. (ECF No. 23-1 at 2.)

Consequently, the docket sheets for Court of Common Pleas of Allegheny County, Criminal Division, reflect two separate cases against Plaintiff filed under two separate docket numbers for two separate offenses, occurring on different dates. At Docket Number CP-02-CR-0003495-2010, OTN G 4909752, Plaintiff was charged with Terroristic Threats with Intent to Terrorize Another;[2] bail was set at $25,000 and was posted, Batista pled guilty, was sentenced to a maximum of five years, and the sentence was affirmed on appeal. (ECF No. 26-2 at 2-8.) The

---

[2] 18 Pa. C.S. § 2706(a)(1).

arresting officer was Joseph Stepansky of McKeesport Police Department. (ECF No. 26-2 at 2.) At Docket Number CP-02-CR-0003563-2010, OTN G 4908820, Plaintiff was charged with Terroristic Threats with Intent to Terrorize Another; bail was set at $1,000,000 and never posted, Batista pled guilty, was sentenced to a maximum of five years, and the sentence was affirmed on appeal. (ECF No. 26-1 at 2-8.) The arresting officer was Defendant Miller. (ECF No. 26-1 at 2.)

Plaintiff contends that Magisterial District Judge Riazzi who issued the first arrest warrant, told Defendant Miller that he could not issue the second arrest warrant because Plaintiff was already out on bail and issuing a second warrant would violate Plaintiff's rights. (ECF No. 29 at 1.) Plaintiff contends that Defendant Miller then went to Magisterial District Judge Schricker in Turtle Creek, Pennsylvania to obtain the second arrest warrant for the same charge at the same criminal docket number. (ECF No. 1 at 5; ECF No. 29 at 1.) Plaintiff admits, however, that when he was taken into custody in February for the threats he made in January, he made additional threats. (ECF No. 23 at 1.)

Plaintiff describes his claims as follows: "(1) Violation of my civil rights. (2) False imprisonment Kidnapping. (3) Unusual punishment Excessive Bail." (ECF No. 23 at 2.)


B. Legal Standards

PRO SE PLEADINGS

The court must liberally construe the factual allegations of a pro se plaintiff's complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should

3

"'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

SUMMARY JUDGMENT

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non-movant's burden of proof. *Id.* Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis added by *Matsushita* Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986). In *Anderson*, the United States Supreme Court noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . [T]here is no issue for trial unless there is sufficient evidence

> favoring the nonmoving party for a jury to return a verdict for that
> party. If the evidence is merely colorable, or is not significantly
> probative, summary judgment may be granted.

*Id.* at 249-50 (internal citations omitted).

### C. Analysis

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or any other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Affording Plaintiff the most liberal reading of the Complaint, the Court analyzes Plaintiff's claims as follows.

Individual Liability of Defendant Officer Miller

False Arrest/False Imprisonment

The Fourth Amendment's prohibition against unreasonable seizures protects individuals from arrest without probable cause. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (citing *Papachristou v. City of Jacksonville*, 405 U.S. 156, 169 (1972)). "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The law of the state where the arrest occurred controls whether the arrest is valid. *Myers*, 308 F.3d at 255 (citing *Ker v. California*, 374 U.S. 23, 37 (1963)). In determining whether probable cause exists to support an arrest, the analysis must be based upon the totality of circumstances including "the objective facts available to the officers at the time of the arrest." *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) (citing *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983)). Subjective intentions of police officers are irrelevant to a Fourth Amendment probable cause analysis. *Whren v. United States*, 517 U.S. 806, 813 (1996).

Similarly, to state a claim for false imprisonment, a plaintiff must establish that he was detained, and that the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012). That is, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).

Here, Plaintiff was convicted of the charges of Terroristic Threats with Intent to Terrorize Another at both criminal docket numbers in the Court of Common Pleas of Allegheny County.

Conviction establishes as a matter of law that the arrest was supported by probable cause. *Shelley v. Wilson*, 339 F. App'x 136, 139 (3d Cir. 2009) (citing *McClam v. Barry*, 697 F.2d 366, 370 (D.C. Cir. 1983), *overruled on other grounds, Brown v. U.S.*, 742 F.2d 1498 (D.C. Cir. 1984) ("stating that as to common law and constitutional law false arrest claims, 'subsequent conviction establishes as a matter of law that the arrest was justified.'")). Plaintiff has failed to come forward with "specific facts showing that there is a genuine issue for trial" and judgment should be entered as a matter of law in favor of Defendant Miller on Plaintiff's false arrest/false imprisonment claims.[3]

<u>Malicious Prosecution</u>

In order to establish a Fourth Amendment malicious prosecution claim pursuant to § 1983, a plaintiff must show the following: 1) the defendant initiated a criminal proceeding; 2) the criminal proceeding ended in the plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

As noted above, Plaintiff's convictions establish that the proceedings against him were initiated with probable cause. *Shelley*, 339 F. App'x at 139. Hence, Plaintiff cannot establish the third element of a prima facie case for malicious prosecution. Further, Plaintiff cannot establish that the proceedings ended in his favor as required by the second element of a prima facie case

---

[3] Plaintiff's false arrest and false imprisonment claims are also barred by the *Heck* doctrine because a finding for Plaintiff on his § 1983 false arrest and false imprisonment claims would undermine the state court convictions which establish as a matter of law that the arrest was supported by probable cause. *See Heck v. Humphrey*, 512 U.S. 477 (1994), *discussed in, Turosik v. Hougue*, Civil Case No. 08-1248, 2011 WL 1044648, at *8-9 (W.D. Pa. March 18, 2011).

for malicious prosecution because he pled guilty to both charges at both criminal docket numbers. *See Kossler v. Crisanti*, 564 F.3d 181, 188-89 (3d Cir. 2009).[4] Plaintiff has failed to come forward with evidence to raise a disputed issue of material fact and judgment should be entered as a matter of law in favor of Defendant Miller on Plaintiff's malicious prosecution claim.

Excessive Bail

Plaintiff's final claim appears to invoke the Eighth Amendment protection against excessive bail. In Pennsylvania, the district justice, not police officers, set bail. *See* Pa. R. Crim. P. 120. Further, Plaintiff has come forward with no evidence to suggest that Defendant Miller was involved in manipulating, shaping or otherwise influencing the bond decision. *See James v. York Cnty. Police Dep't,* 160 Fed. App'x, 126, 133 (3d Cir. 2005). Therefore, Defendant Miller is entitled to judgment as a matter of law on Plaintiff's excessive bail claim.

Municipal Liability of the County

Because Plaintiff has come forward with no evidence to raise a disputed issue of material fact with regard to an underlying constitutional violation by Defendant Officer Miller, the County must be granted judgment as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), *cited in, Manolovich v. Park*, 461 Fed. App'x 187, 191 (3d Cir. 2012) ("municipal liability under 42 U.S.C. § 1983 depends upon an underlying constitutional violation committed by an individual agent of the municipality"). Hence, the Motion for Summary Judgment filed by Allegheny County should be granted.

---

[4] As noted at *supra* note 3, Plaintiff's malicious prosecution claim is also barred by the *Heck* doctrine because a favorable judgment on the malicious prosecution claim would undermine the state court convictions which establish as a matter of law that Plaintiff's arrest was supported by probable cause. *See Heck,* 512 U.S. at 485-86.

III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment at ECF No. 25 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

October 21, 2013

**BY THE COURT:**

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc:   All Counsel of Record
      Via Electronic Filing

      Edwin Q. Batista
      JS-8661
      SCI Waymart
      Post Office Box 256
      Waymart, PA  18472-0256

9